LATHAM & WATKINS LLP
   Alexandra A. Roje (Bar No. 210566)
*alex.roje@lw.com*
355 South Grand Avenue
Los Angeles, California 90071
(213) 485-1234 / (213) 891-8763 Fax

LATHAM & WATKINS LLP
   Peter L. Winik (*pro hac vice*)
   Matthew A. Brill (*pro hac vice*)
   Andrew D. Prins (*pro hac vice*)
*peter.winik@lw.com*
*matthew.brill@lw.com*
*andrew.prins@lw.com*
555 Eleventh Street, NW, Suite #1000
Washington, DC 20004
(202) 637-2200 / (212) 637-2201 Fax

Attorneys for Defendant
TIME WARNER CABLE INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| VANESSA MILLER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TIME WARNER CABLE INC.<br><br>Defendant. | CASE NO. 8:16-cv-00329-CAS(ASx)<br><br>**DEFENDANT TIME WARNER CABLE INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO DISMISS, OR IN THE ALTERNATIVE STAY, PLAINTIFF'S CLAIMS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:   July 25, 2016<br>Time:                 10:00 a.m.<br>Judge:               Hon. Christina A. Snyder<br>Courtroom:        5 - 2nd Floor |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

Case Number: 8:16-cv-00329-CAS(ASx)
DEFENDANT'S NOTICE OF MOTION AND MOTION
TO COMPEL ARBITRATION AND DISMISS

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL
2  PARTIES AND THEIR ATTORNEYS OF RECORD:

3      PLEASE TAKE NOTICE that on July 25, 2016, at 10:00 a.m. or as soon
4  thereafter as this matter can be heard before the Honorable Christina A. Snyder of
5  the United States District Court for the Central District of California, located at
6  Courtroom 5 - 2nd Floor of the above-captioned Court, located at 312 North
7  Spring Street, Los Angeles, California 90012-4701, Defendant Time Warner Cable
8  Inc. ("TWC") will and hereby does move pursuant to Section 4 of the Federal
9  Arbitration Act ("FAA"), 9 U.S.C. § 4, to compel the arbitration of Plaintiff's
10 claim for damages, and to dismiss Plaintiff's complaint in its entirety pursuant to
11 Fed. R. Civ. P. 12(b)(1); or, in the alternative, to stay Plaintiff's individual claim
12 for damages pursuant to Section 3 of the FAA, 9 U.S.C. § 3 and otherwise dismiss
13 Plaintiff's complaint.  Plaintiff and TWC are parties to a binding arbitration
14 provision, which governs Plaintiff's claim for damages, and Plaintiff's case is
15 otherwise not justiciable.

16     This Motion is made based on this Notice of Motion, the supporting
17 Memorandum of Points and Authorities, the Declarations and Exhibits thereto,
18 Plaintiff's complaint, and upon such oral arguments and submissions that may be
19 presented at or before the hearing on this Motion.

20     This Motion is made following the conference of counsel pursuant to L.R. 7-
21 3, which took place on June 14, 2016.

22 Dated:  June 27, 2016                    Respectfully submitted,

23                                         By /s/ Andrew D. Prins
24                                         _____

25                                             Peter L. Winik (*pro hac vice*)
26                                             Matthew A. Brill (*pro hac vice*)
                                               Andrew D. Prins (*pro hac vice*)

27                                             Attorneys for Defendant
28                                             TIME WARNER CABLE INC.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

1

Case Number: 8:16-cv-00329-CAS(ASx)
DEFENDANT'S NOTICE OF MOTION AND MOTION
TO COMPEL ARBITRATION AND DISMISS

1

# TABLE OF CONTENTS

**BACKGROUND** ...................................................................................................... 1

**ARGUMENT** ............................................................................................................ 4

**I.**   **A MANDATORY ARBITRATION REQUIREMENT**
      **APPLIES TO PLAINTIFF'S CLAIM FOR DAMAGES** ....................... 4

    **A.**   **Plaintiff Is Bound by the Arbitration Clause** ................................... 4

    **B.**   **The Parties Unambiguously Agreed that the**
      **Arbitrator Will Decide Arbitrability, But In Any**
      **Event The Arbitration Clause Covers Plaintiff's**
      **Claim to Damages** .................................................................................. 8

**II.**   **THIS COURT LACKS JURISDICTION TO**
       **ADJUDICATE PLAINTIFF'S CLAIM FOR INJUNCTIVE**
       **RELIEF** ......................................................................................................... 10

**CONCLUSION** ....................................................................................................... 13

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

i

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Ahdoot v. Babolat,*
No. CV 13-02823 GAF (VBKx), 2013 WL 11238484 (C.D. Cal.
Sept. 6, 2013).........................................................................................10

*Alford v. Dean Witter Reynolds, Inc.,*
975 F.2d 1161 (5th Cir. 1992)...............................................................13

*Bailey v. Wells Fargo Bank N.A., Inc.,*
No. 1:14-CV-0989-CC, 2014 U.S. Dist. LEXIS 185408 (N.D. Ga.
Aug. 26, 2014), report and recommendation adopted by 2014 U.S.
Dist. LEXIS 185407 (N.D. Ga., Oct. 2, 2014)..................................10

*Bischoff v. DirecTV, Inc.,*
180 F. Supp. 2d 1097 (C.D. Cal. 2002).............................................7

*Brennan v. Opus Bank,*
796 F.3d 1125 (9th Cir. 2015)..............................................................9

*Campbell v. Verizon Wireless LLC,*
No. CIV.A. 14-0517-WS-N, 2015 WL 416484 (S.D. Ala. Jan. 29,
2015)........................................................................................................9

*Cayanan v. Citi Holdings, Inc.,*
928 F. Supp. 2d 1182 (S.D. Cal. 2013) ..............................................7

*City of Los Angeles v. Lyons,*
461 U.S. 95 (1983) ..............................................................................11

*Cuadras v. MetroPCS Wireless, Inc.,*
No. CV 09–7897 CAS (AJWx), 2011 WL 11077125 (C.D. Cal.
Aug. 8, 2011)..........................................................................................6

*Delonge v. Time Warner Cable Business LLC,*
No. 13-CV-0988, 2014 WL 3890766 (E.D. Wis. Aug. 6, 2014).......5, 7

*Doe No. 1 v. Reed,*
697 F.3d 1235 (9th Cir. 2012).............................................................13

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

ii

Case Number: 8:16-cv-00329-CAS(ASx)
DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND MOTION TO DISMISS

*Echavarria v. Adir Int'l, LLC*,
  No. 2:15-cv-09172-CAS(KSx), 2016 WL 3397416 (C.D. Cal. June
  13, 2016)...............................................................................................................10

*Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*,
  528 U.S. 167 (2000) .............................................................................................10

*Golden Eagle Ins. Co. v. Foremost Ins. Co.*,
  20 Cal. App. 4th 1372 (1993).................................................................................5

*Guerrero v. Equifax Credit Info. Servs.*,
  No. CV 11–6555 PSG (PLAx), 2012 WL 7683512 (C.D. Cal. Feb.
  24, 2012)..................................................................................................................7

*Han v. Samsung Telcoms. Am.*,
  No. CV 13–3823–GW(AJWx), 2013 WL 7158044 (C.D. Cal. Dec.
  16, 2013)..................................................................................................................7

*Harris v. Superior Court*,
  188 Cal. App. 3d 475 (1986)..................................................................................5

*Hoai Dang v. Samsung Elecs. Co.*,
  14–CV–00530–LHK, 2015 WL 4735520 (N.D. Cal. Aug 10, 2015)...............5

*Marenco v. DirecTV LLC*,
  233 Cal. App. 4th 1409 (2015)...............................................................................5

*Masters v. Time Warner Cable, Inc.*,
  920 F. Supp. 2d 766 (W.D. Tex. 2012) ..............................................................5, 8

*Momot v. Mastro*,
  652 F.3d 982 (9th Cir. 2011) ...............................................................................5, 8

*Munns v. Kerry*,
  782 F.3d 402 (9th Cir. 2015) ...............................................................................11

*O'Shea v. Littleton*,
  414 U.S. 488 (1974) .......................................................................................10, 11

*Savage v. Glendale Union High Sch. Dist. No. 205*,
  343 F.3d 1036 (9th Cir. 2003)..............................................................................12

*SCIE LLC v. XL Reinsurance Am., Inc.*,
  240 Fed. Appx. 180 (9th Cir. 2007) ......................................................................5

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

Case Number: 8:16-cv-00329-CAS(ASx)
DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND MOTION TO DISMISS

*Shea v. BBVA Compass Bancshares, Inc.*,
    No. 1:12-CV-23324-KMM, 2013 WL 869526 (S.D. Fla. Mar. 7,
    2013) .................................................................................................. 10

*Slayman v. FedEx Ground Package Sys.*,
    765 F.3d 1033 (9th Cir. 2014) ........................................................... 10

*Stevens-Bratton v. TruGreen, Inc.*,
    2016 WL 155087  (W.D. Tenn. Jan. 11, 2016) ................................... 10

*Tarhuni v. Holder*,
    8 F. Supp. 3d 1253 (D. Or. 2014) ...................................................... 11

## STATUTES

47 U.S.C. § 227 *et seq.* ...............................................................1, 9, 11

9 U.S.C. § 3 ............................................................................................. 13

9 U.S.C. § 4 ............................................................................................... 1

Cal. Civ. Code § 1589 ............................................................................... 5

Cal. Civ. Code § 3521 ............................................................................... 5

## RULES

AAA Commercial Arbitration Rules and Mediation Procedures, Rule
    R-7(a), *available at*
    www.adr.org/aaa/ShowProperty?nodeId=/UCM/ADRSTG_00410
    3#page=13 ............................................................................................ 8

Fed. R. Civ. P. 12(b)(1) ............................................................................ 1

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

iv

Case Number: 8:16-cv-00329-CAS(ASx)
DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND MOTION TO DISMISS

1 | **MEMORANDUM OF POINTS AND AUTHORITIES**

2        Plaintiff is a recent former customer of Defendant Time Warner Cable Inc.

3 ("TWC").  She alleges that TWC made calls to her mobile phone in violation of

4 the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the

5 "TCPA"), and seeks to recover damages and secure injunctive relief on behalf of

6 herself and a putative class.  Complaint, ECF No. 1, ¶¶ 1-4.

7        This action should be dismissed.  When Plaintiff became a TWC subscriber,

8 she expressly agreed to arbitrate any claim for damages that arose between her and

9 TWC.  The parties' arbitration agreement provides that the arbitrator, not a court,

10 must resolve any issues regarding the scope, validity, or enforceability of the

11 arbitration agreement.  Plaintiff's attempt to litigate her claim for damages against

12 TWC in this Court is therefore improper.   And while Plaintiff's claim for

13 injunctive relief falls outside the scope of the arbitration clause, she lacks Article

14 III standing to pursue that relief here because TWC long ago discontinued calling

15 her and there is no reasonable prospect that such calls will resume in the future.

16 Because there is no claim justiciable in this Court, pursuant to Section 4 of the

17 Federal Arbitration Act, 9 U.S.C. § 4, and Fed. R. Civ. P. 12(b)(1), TWC

18 respectfully requests that the Court dismiss this lawsuit and compel Plaintiff to

19 submit her individual damages claim to arbitration.

20 | **BACKGROUND**

21        Plaintiff was a TWC subscriber from April 2, 2014 to June 2, 2015.

22 Declaration of Christine Dzujna ¶¶ 7, 16; Complaint ¶ 14.  Specifically, TWC

23 provided Plaintiff with high-speed Internet and Voice-over-IP telephone services at

24 her home in Fullerton, California.  *See* Complaint ¶¶ 8, 22.

25        In order to receive any of TWC's residential services, a subscriber must

26 agree to TWC's current Residential Services Subscriber Agreement. Dzujna Decl.

27 ¶ 4.  When Ms. Miller signed up for TWC's service, she became subject to a

28 specific version of this Residential Services Subscriber Agreement, which

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

1

Case Number: 8:16-cv-00329-CAS(ASx)
DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND MOTION TO DISMISS

remained unchanged from January 2014 to April 2016 (the "Subscriber Agreement"). *Id.* Exhibit A to the Dzujna Declaration is a true and correct copy of the Subscriber Agreement effective from January 2014 to April 2016.

The Subscriber Agreement contains a broad arbitration clause that covers any dispute between Plaintiff and TWC, including the alleged dispute that gives rise to this litigation. *See* Subscriber Agreement Section 15(a) (the "Arbitration Clause"). The Arbitration Clause states that both Ms. Miller and TWC agree that, if they cannot resolve a "Dispute" informally, the parties will:

> submit the Dispute to the American Arbitration Association for resolution under its Commercial Arbitration Rules or, by separate mutual agreement, to another arbitration institution. As an alternative, you may bring your claim in your local "small claims" court, if its rules permit it.

*Id.* A "Dispute" is defined broadly, to include:

> **[A]ny dispute, claim, or controversy between you and TWC regarding any aspect of your relationship with us or any conduct or failure to act on our part, including claims based on** breach of contract, tort (for example, a negligence or product liability claim), **violation of law or any claims based on any other theory**, and including those based on events that occurred prior to the date of this Agreement.

Subscriber Agreement Section 17(f) (emphases added). The Subscriber Agreement also clearly and unmistakably states that "claims relating to whether arbitration is appropriate … will be decided by an arbitrator, not a court," Subscriber Agreement at Section 15(b), and that no class-wide relief is available, *id.* The sole exclusion to the broad arbitration clause is for claims for injunctive relief. *Id.* A prominent notification on the first page of the Subscriber Agreement expressly discloses the binding effect of the Arbitration Clause in bold, capital letters that are set off from the surrounding text in a prominent box, stating:

THIS AGREEMENT CONTAINS A BINDING "ARBITRATION CLAUSE," WHICH SAYS THAT YOU AND TWC AGREE TO

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

2

Case Number: 8:16-cv-00329-CAS(ASx)
DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND MOTION TO DISMISS

RESOLVE CERTAIN DISPUTES THROUGH ARBITRATION, AND ALSO CONTAINS A LIMITATION ON YOUR RIGHT TO BRING CLAIMS AGAINST TWC MORE THAN ONE YEAR AFTER THE RELEVANT EVENTS OCCURRED. YOU HAVE THE RIGHT TO OPT OUT OF THESE PORTIONS OF THE AGREEMENT. SEE SECTIONS 14, 15 AND 16.

Subscriber Agreement, at p. 1.  The Subscriber Agreement also provides that "[t]he terms of this Agreement relating to … resolution of Disputes  (Section 15) … will survive (in other words, continue to apply to you even after) the termination of this Agreement." *Id.* Section 18(a).

The Arbitration Clause is not foisted upon all TWC subscribers.   The Subscriber Agreement states that any customer who does not want to waive her ability to bring claims in courts of general jurisdiction may opt out of the Arbitration Clause within 30 days of the date that the customer first becomes subject to the Arbitration Clause.  Subscriber Agreement Sections 15(e), 16; *id.* p. 1.  Plaintiff did not opt out of the Arbitration Clause, even after TWC expressly reminded her in the first, full monthly billing statement that her relationship with TWC was governed by the Arbitration Clause and the she had the right to opt out if she wished. Dzujna Decl. ¶¶ 8, 11, 13-14.  Rather, she remained a TWC customer for over a year after she received that notice. *Id.* ¶¶ 15-16.

On June 2, 2016, Ms. Miller disconnected her TWC service.  Declaration of Clifton Green ¶ 4.  In connection with the disconnection of Ms. Miller's TWC services and as part of TWC's customer retention program, between June 6, 2015 and June 9, 2015, TWC's vendor, InfoCision Management Corporation, placed three calls to the telephone number listed on Ms. Miller's account (ending in 5113), the same number at issue in the instant lawsuit.   *Id.* ¶ 5.  During the third and final of these calls, which was placed to Ms. Miller's telephone number on June 9, 2015 at 7:56 p.m., the person who answered the phone requested that Ms. Miller's phone number ending in 5113 not be contacted again in the future.  *Id.* ¶¶

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

3

Case Number: 8:16-cv-00329-CAS(ASx)
DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND MOTION TO DISMISS

6.  As a result of this do-not-call request,  neither TWC nor any vendor acting on TWC's behalf has called Ms. Miller's telephone number ending in 5113 since June 9, 2015.  *Id.* ¶ 8.

## ARGUMENT

## I.   A MANDATORY ARBITRATION REQUIREMENT APPLIES TO PLAINTIFF'S CLAIM FOR DAMAGES

Plaintiff's attempt to litigate her claim for damages here is improper.  The parties agreed to a valid and binding arbitration clause governing <u>any</u> disputes between them (aside from claims for injunctive relief), and further agreed that questions concerning the arbitrability of a particular dispute are to be resolved by the arbitrator.  Accordingly, TWC respectfully requests that this Court dismiss this case or, at the least, stay the damages portion of the case pending the arbitrator's determination as to whether this dispute falls within the Arbitration Clause.

## A.   Plaintiff Is Bound by the Arbitration Clause

The circumstances surrounding Ms. Miller's account opening, as well as the plain terms of the Subscriber Agreement, show that the parties have entered into a binding arbitration agreement governing Plaintiff's claim for damages.  Plaintiff admits that she was a TWC subscriber and maintained an active TWC account at her former residence.  Complaint ¶¶ 14, 15, 22.  Ms. Miller was repeatedly notified of the binding effect of the Arbitration Clause and the Subscriber Agreement's other terms when she first became a TWC subscriber, and she continued to use TWC's residential services thereafter, thereby agreeing to be bound by both the Subscriber Agreement and the Arbitration Clause.

It was TWC's standard practice prior to Plaintiff establishing service in April 2014, and remains so through the present day, to provide new residential customers with a physical "Welcome Kit" that includes a copy of the Subscriber Agreement.  Dzujna Decl. ¶ 6.  In accordance with this practice, Plaintiff would have received the Subscriber Agreement when she first subscribed to TWC, on or

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
WASHINGTON, D.C.

4

Case Number: 8:16-cv-00329-CAS(ASx)
DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND MOTION TO DISMISS

around April 2, 2014.  *Id.* ¶¶ 6-7.  The Subscriber Agreement provides that, "[b]y … ***using our Services***, you accept (in other words, agree to be legally bound by) these Customer Agreements" (a term which refers to, *inter alia*, the Subscriber Agreement).  Subscriber Agreement, at p. 1; *id.* Section 17(c).  This provision accurately reflects the "ordinary state-law principles that govern the formation of contracts."  *Momot v. Mastro*, 652 F.3d 982, 987 (9th Cir. 2011) (internal quotation marks omitted).  Under black letter contract law, a party on actual or constructive notice of an agreement's terms is bound by those terms once she accepts the contracted-for services and the benefits of performance under the agreement, as Ms. Miller did here.  *See* Cal. Civ. Code § 1589; Cal. Civ. Code § 3521; *Harris v. Superior Court*, 188 Cal. App. 3d 475, 479 (Cal. App. 2d Dist. 1986) ("[T]he voluntary acceptance of the benefit of a transaction constitutes consent to all the obligations arising from it, so far as the facts are known, or ought to be known, to the person accepting.") (citing Cal. Civ. Code, § 1589); *Golden Eagle Ins. Co. v. Foremost Ins. Co.*, 20 Cal. App. 4th 1372, 1387 (Cal. App. 2d Dist. 1993) (same).[1]

Relying on these same principles, in *Masters v. Time Warner Cable, Inc.*, the court held that "[b]y continuing to accept services, [plaintiff] became bound by the present [TWC] Residential Services Subscriber Agreement," including the then-current arbitration clause.  920 F. Supp. 2d 766, 770 (W.D. Tex. 2012).  Similarly, in *Delonge v. Time Warner Cable Business LLC*, the court compelled arbitration since plaintiffs "continued to pay their monthly bills and to use TWC's services" after receiving notice of the Subscriber Agreement's terms, including the Arbitration Clause.  No. 13-CV-0988, 2014 WL 3890766, at *2 (E.D. Wis. Aug. 6, 2014).  And this Court has itself enforced similar arbitration agreements in like

---

[1] *See also SCIE LLC v. XL Reinsurance Am., Inc.*, 240 Fed. Appx. 180, 183 (9th Cir. 2007); *Hoai Dang v. Samsung Elecs. Co.*, No. 14–CV–00530–LHK, 2015 WL 4735520, at *7 (N.D. Cal. Aug 10, 2015); *Marenco v. DirecTV LLC*, 233 Cal. App. 4th 1409, 1420 (Cal. App. 2d Dist. 2015).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

5

Case Number: 8:16-cv-00329-CAS(ASx)
DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND MOTION TO DISMISS

1    circumstances.  *See, e.g.*, *Cuadras v. MetroPCS Wireless, Inc.*, No. CV 09–7897

2    CAS (AJWx), 2011 WL 11077125, at *6 (C.D. Cal. Aug. 8, 2011) (Snyder, J.)

3    (finding that "no rational trier of fact would be able to find that plaintiff did not

4    receive the T&Cs when she activated her lines of service," given defendant's

5    standard business practice of providing contract terms to new subscribers).

6         Any conceivable doubt that Ms. Miller received adequate notice of the

7    Subscriber Agreement's terms is dispelled by the billing statement for her first full

8    month of service, April 19, 2014 to May 18, 2014.  Dzujna Decl. ¶¶ 8, 10-11. The

9    first page of this billing statement explicitly reminded Ms. Miller that she was

10   subject to the Subscriber Agreement, that the Agreement contains a binding

11   arbitration clause, and that she had the right to opt out of some clauses in the

12   Subscriber Agreement by visiting TWC's website.  *Id.* ¶ 11.  Exhibit B to the

13   Dzujna Declaration is a true and correct copy of Ms. Miller's archived bill for the

14   period April 19, 2014 to May 18, 2014.[2]  The pertinent text on the bill that was

15   sent to Ms. Miller stated:

16        NEW TWC SUBSCRIBER AGREEMENT It contains an arbitration
17        clause, a clause that may limit the time you can bring a claim against
          us & other important terms. Review & 'opt out' of some of the clauses
18        if you wish at
19        http://help.twcable.com/policies.html

20   *See* Dzujna Decl. ¶ 11; Exhibit B to the Dzujna Declaration at p. 1.[3]  Ms. Miller

21   _____

22   [2]  TWC retains information regarding historical bills in the ordinary course of
     business.  Due to a limitation in the data processing software that imports bill
23   information into a certain archival database, special characters are sometimes
     rendered as "." marks when the data is later displayed.  This technical limitation
24   does not impact the version of the bill that is sent to a customer.  The archived bill
25   attached as Exhibit B to the Dzujna Declaration is impacted by this technical
     limitation, but that limitation would not have impacted the actual bill sent to Ms.
26   Miller.  *See* Dzujna Decl. ¶¶ 9-10.

27   [3] This same notification was provided to numerous other TWC subscribers around
28   that same time, and TWC generated validation images of that notification.  Exhibit

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
WASHINGTON, D.C.

6

Case Number: 8:16-cv-00329-CAS(ASx)
DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND MOTION TO DISMISS

1   paid this bill containing the Arbitration Clause notification, and continued to pay

2   her monthly bills until she terminated her service in June 2015.  Dzujna Decl. ¶¶ 8,

3   15-16.

4        Numerous cases hold that the type of notice TWC provided to Ms. Miller in

5   her monthly bill is itself sufficient to establish a binding agreement to arbitrate.

6   This Court, for example, has found that consumers may be bound to the terms of

7   consumer contracts disclosed after the beginning of service, so long as they

8   maintain service thereafter.  *See, e.g., Han v. Samsung Telecomms. Am., LLC*, No.

9   CV 13–3823–GW(AJWx), 2013 WL 7158044, at *5 (C.D. Cal. Dec. 16, 2013)

10  (collecting cases indicating that providers of goods and services may enforce

11  arbitration provisions disclosed after an initial transaction, provided consumers

12  have an opportunity to opt out); *Bischoff v. DirecTV, Inc.,* 180 F. Supp. 2d 1097,

13  1105 (C.D. Cal. 2002).  Specifically, courts hold that billing statements such as the

14  one at issue here may disclose and bind consumers to an enforceable arbitration

15  provision.  *See, e.g., Cayanan v. Citi Holdings, Inc*., 928 F. Supp. 2d 1182, 1199

16  (S.D. Cal. 2013) (finding that arbitration agreement enclosed with billing statement

17  was enforceable under California and South Dakota law); *Guerrero v. Equifax

18  Credit Info. Servs., Inc.*, No. CV 11–6555 PSG (PLAx), 2012 WL 7683512, at *9

19  (C.D. Cal. Feb. 24, 2012) (enforcing arbitration agreement found in similar "bill

20  stuffer").    Indeed, the Subscriber Agreement's Arbitration Clause has been

21  enforced in this very context.  *See Delonge*, 2014 WL 3890766, at *2 (compelling

22  arbitration, as plaintiffs were sent monthly bills disclosing the arbitration clause

23  and "continued to pay their monthly bills and to use TWC's services, thereby

24  accepting the … arbitration clause").

25        After Ms. Miller was provided with notice of the Subscriber Agreement and

26  ────────────────────────

27  C to the Dzujna Declaration is a true and correct copy of a bill validation image

28  (redacted to remove personally identifying customer information), which also
    includes the above-quoted notification language.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

7

Case Number: 8:16-cv-00329-CAS(ASx)
DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND MOTION TO DISMISS

Arbitration Clause both upon installation and in her first full billing statement, Ms. Miller did not cancel her TWC subscription or opt out of the arbitration provision. Dzujna Decl. ¶¶ 6-8, 10-11, 13-16.  Instead, Ms. Miller paid the bill containing the notice, and continued to use TWC's services and pay the amounts invoiced to her monthly until June 2, 2015, at which point she disconnected TWC service.  *Id.* ¶¶ 8, 15-16.  As such, the Arbitration Clause is binding upon Ms. Miller.

## B.     The Parties Unambiguously Agreed that the Arbitrator Will Decide Arbitrability, But In Any Event The Arbitration Clause Covers Plaintiff's Claim to Damages

The Subscriber Agreement sets forth the parties' agreement that the arbitrator will determine whether the instant dispute is covered by the Arbitration Clause.  *See* Subscriber Agreement Section 15(b) ("[C]laims relating to whether arbitration is appropriate … will be decided by an arbitrator, not a court.").  Such an express contractual provision unmistakably demonstrates the parties' intent to delegate the power to decide arbitrability to the arbitrator.  *See Momot*, 652 F.3d at 988; *Masters*, 920 F. Supp. 2d at 771.  The Subscriber Agreement also provides that arbitration will be conducted under the Commercial Arbitration Rules of the American Arbitration Association ("AAA").  Subscriber Agreement Section 15(a). The AAA's rules provide that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim."  AAA Commercial Arbitration Rules and Mediation Procedures, Rule R-7(a).[4]  It is the rule of this Circuit, as well as "virtually every circuit to have considered the issue," that "incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability."

---

[4] *Available at* www.adr.org/aaa/ShowProperty?nodeId=/UCM/ADRSTG_004103#page=13

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

8

Case Number: 8:16-cv-00329-CAS(ASx)
DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND MOTION TO DISMISS

1    *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015).

2            Even were the issue of arbitrability before the Court, the broad scope of the

3    Arbitration Clause unambiguously encompasses the instant dispute.    The

4    Arbitration Clause expressly provides for binding arbitration of any "Dispute;" that

5    is:

6            ***[A]ny dispute, claim, or controversy between you and TWC***
            ***regarding any aspect of your relationship with us or any conduct or***
7            ***failure to act on our part, including claims based on*** breach of
8            contract, tort (for example, a negligence or product liability claim),
            ***violation of law or any claims based on any other theory***, and
9            including those based on events that occurred prior to the date of this
10           Agreement.

11    Subscriber Agreement Sections 15(a), 17(f) (emphases added).    Plaintiff's TCPA

12    claim for damages is a "claim" involving TWC's "conduct" and a "violation of

13    law."    Additionally, the calls about which Plaintiff complains were related to her

14    "relationship" with TWC.    The calls at issue were made pursuant to TWC's

15    customer retention program, for which only TWC's active and recently inactive

16    customers are eligible, and concerned the subject of Ms. Miller maintaining her

17    relationship with TWC going forward.    *See* Green Decl. ¶ 9.    It is of no moment

18    that TWC's phone calls to Ms. Miller occurred shortly after Ms. Miller ended her

19    TWC service, because the Subscriber Agreement expressly provides that "[t]he

20    terms of this Agreement relating to … resolution of Disputes … will survive (in

21    other words, continue to apply to you even after) the termination of this

22    Agreement."    *Id.* Section 18(a).[5]    Thus, even if this Court should reach the issue of

23    _____

24    [5] It is well established that injuries that accrue after termination of a contract are
      subject to arbitration, so long as the *arbitration provision* survives and the injuries
25    fall within the provision's scope.  *See, e.g.*, *Campbell v. Verizon Wireless LLC*, No.
      CIV.A. 14-0517-WS-N, 2015 WL 416484, at *4-6 & n.12 (S.D. Ala. Jan. 29,
26    2015) (compelling arbitration of TCPA claims for calls that "occurred after the
      [service] contracts had ended" and noting the arbitration provision's express
27    survival); *Shea v. BBVA Compass Bancshares, Inc.*, No. 1:12-CV-23324-KMM,

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

9

Case Number: 8:16-cv-00329-CAS(ASx)
DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND MOTION TO DISMISS

1    the scope of arbitrability—which it should not do—Plaintiff's claim for damages is

2    unambiguously covered by the Arbitration Clause.

3 **II.**    **THIS COURT LACKS JURISDICTION TO ADJUDICATE**

4         **PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF**

5         This Court lacks jurisdiction to decide Plaintiff's request for injunctive relief

6    because she lacks Article III standing to pursue that claim.  A plaintiff, including a

7    named class representative, must have Article III standing to pursue *each type of*

8    *relief sought.  See Slayman v. FedEx Ground Package Sys., Inc.*, 765 F.3d 1033,

9    1047 (9th Cir. 2014); *see also Ahdoot v. Babolat VS N. Am.*, No. CV 13-02823

10    GAF (VBKx), 2013 WL 11238484, at *2 (C.D. Cal. Sept. 6, 2013) ("'Standing

11    must be shown with respect to each form of relief sought, whether it be injunctive

12    relief, damages or civil penalties.'" (quoting *Friends of the Earth, Inc. v. Laidlaw*

13    *Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000))).  The burden is on Ms. Miller

14    to establish her standing.  *Slayman*, 765 F.3d at 1047.

15         In order to establish standing to seek *injunctive relief*, Ms. Miller must show

16    that a "there is a real and immediate threat of ***repeated injury***."  *O'Shea v. Littleton*,

17    414 U.S. 488, 496 (1974) (emphasis added).  "Past exposure to illegal conduct

18

---

19    2013 WL 869526, at *5 (S.D. Fla. Mar. 7, 2013) (stating that arbitrator should

20    decide arbitrability, but in any event, TCPA claim for text message sent after

      closing of bank account was arbitrable due to express survival of arbitration

21    clause); *Stevens-Bratton v. TruGreen, Inc.*, No. 2:15-cv-2472-STA-tmp, 2016 WL

22    155087, at *1-2, *7-8  (W.D. Tenn. Jan. 11, 2016) (holding that "broad" arbitration

      clause covering any "claim, dispute or controversy" between the parties governed

23    TCPA claims by former customer relating to calls placed *after* contract termination

24    (and collecting cases)); *Bailey v. Wells Fargo Bank N.A., Inc.*, No. 1:14-CV-0989-

      CC, 2014 U.S. Dist. LEXIS 185408, at *10-12 (N.D. Ga. Aug. 26, 2014) (report

25    and recommendation adopted by 2014 U.S. Dist. LEXIS 185407 (N.D. Ga., Oct. 2,

26    2014)); *see also Echavarria v. Adir Int'l, LLC*, No. 2:15-cv-09172-CAS(KSx),

      2016 WL 3397416, at *6 (C.D. Cal. June 13, 2016) (Snyder, J.) (collecting cases

27    showing that courts may compel arbitration of debt-related TCPA cases as

28    "relating to" the underlying contractual relationship between the parties).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

10

Case Number: 8:16-cv-00329-CAS(ASx)
DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND MOTION TO DISMISS

1   does not in itself show a present case or controversy regarding injunctive relief,

2   however, if unaccompanied by any continuing, present adverse effects." *Id.* at

3   495-96; *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) ("That

4   Lyons may have been illegally choked by the police on October 6, 1976, while

5   presumably affording Lyons standing to claim damages against the individual

6   officers and perhaps against the City, does nothing to establish a real and

7   immediate threat that he would again be stopped for a traffic violation, or for any

8   other offense, by an officer or officers who would illegally choke him into

9   unconsciousness without any provocation or resistance on his part."); *Munns v.*

10  *Kerry*, 782 F.3d 402, 411 (9th Cir. 2015) ("Once a plaintiff has been wronged, he

11  is entitled to injunctive relief only if he can show that he faces a real or immediate

12  threat that he will again be wronged in a similar way." (internal quotation marks,

13  alteration, and citation omitted)); *Tarhuni v. Holder*, 8 F. Supp. 3d 1253, 1267 (D.

14  Or. 2014) ("To have standing to seek injunctive relief, a plaintiff must show 'that

15  he is realistically threatened by a repetition' of the injury that the injunction seeks

16  to redress." (citation omitted)).

17      Here, Ms. Miller requests that the Court enjoin "TWC to cease all wireless

18  phone call activities initiated without prior express written consent." Complaint at

19  10. Putting aside for the moment that such broad relief is plainly unconstitutional

20  under the First Amendment and beyond the scope of relief available under the

21  TCPA, TWC stopped calling Ms. Miller over a year ago, and ***over eight months***

22  prior to the filing of this case. *See* Complaint ¶¶ 17, 19; Green Decl. ¶ 8. As Ms.

23  Miller herself admits, "[s]tarting in ***June 2015***, Plaintiff began receiving calls from

24  TWC on her wireless telephone. ... Plaintiff received approximately one to three

25  calls per day ***over the course of a month***." Complaint ¶¶ 17, 19 (emphases added);

26  *see also id.* ¶¶ 18, 20-22 (describing the alleged content of those calls). That is, by

27  Ms. Miller's own account, TWC discontinued calling her, at the latest, in June or

28  July of 2015, months before this lawsuit was filed. *Id.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

11

Case Number: 8:16-cv-00329-CAS(ASx)
DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND MOTION TO DISMISS

1       Even assuming the Court were to place emphasis upon Ms. Miller's single

2   bare—and inconsistent—allegation that "[o]n information and belief, TWC has

3   made and continues to make phone calls to Plaintiff's and the Class members'

4   wireless phones" (Complaint ¶ 25), Plaintiff cannot carry her burden of

5   establishing subject matter jurisdiction now that it has been challenged, because as

6   a matter of fact TWC honored Ms. Miller's do-not-call request and stopped calling

7   her in June of 2015.  Green Decl. ¶¶ 6-8; *see also Savage v. Glendale Union High*

8   *Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003) (discussing plaintiff's

9   burden to establish subject matter jurisdiction on "factual" 12(b)(1) motion to

10  dismiss).  Specifically, after Ms. Miller disconnected her TWC service on June 2,

11  2015, as part of TWC's customer retention program, TWC's vendor, InfoCision

12  Management Corporation, placed three calls to the telephone number associated

13  with Ms. Miller's TWC account.  Green Decl. ¶¶ 4-5.  During the third and final of

14  these calls on June 9, 2015, the person who answered the phone requested that she

15  not be called again in the future.  *Id.* ¶ 6.  TWC thereafter added Ms. Miller's

16  phone number to both TWC's central do-not-call database and to TWC's dialing

17  systems as one that should not be contacted.  *Id.* ¶ 7.  The relevant TWC vendors

18  were likewise notified not to contact Ms. Miller's telephone number again in the

19  future.  *Id.*  As a result, neither TWC nor any vendor acting on TWC's behalf has

20  called Ms. Miller's telephone number ending in 5113 after June 9, 2015.  *Id.* ¶ 8.

21  Because under these facts Ms. Miller cannot establish any credible fear of

22  receiving an additional phone call, she lacks standing to obtain injunctive relief.

23      Moreover, even if Ms. Miller might have conceivably possessed standing to

24  pursue a claim for injunctive relief when she filed the case, the passage of time

25  since the last phone call she received has rendered her claim moot.  Any claim that

26  TWC may attempt to call Ms. Miller's phone number again is too "remote and

27  speculative" to rescue from mootness her claim for injunctive relief; there is

28  simply no "present controversy [between the parties] as to which effective relief

LATHAM&WATKINS™
ATTORNEYS AT LAW
WASHINGTON, D.C.

12

Case Number: 8:16-cv-00329-CAS(ASx)
DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND MOTION TO DISMISS

1  can be granted." *See Doe No. 1 v. Reed*, 697 F.3d 1235, 1238-39 (9th Cir. 2012)

2  (citation omitted).   Nor is there any "reasonable expectation that the same

3  complaining party will be subject to the same action again." *Id.* at 1240 (citation

4  omitted).

5       Based on the foregoing, Plaintiff cannot establish that this Court has subject

6  matter jurisdiction over her claim for injunctive relief.  That claim should therefore

7  be dismissed.

8                                  **<u>CONCLUSION</u>**

9       Because Plaintiff maintained her TWC subscription after being provided

10  notice of the Subscriber Agreement and the Arbitration Clause, Plaintiff agreed to

11  submit any claim against TWC for damages to arbitration, and to permit the

12  arbitrator to resolve any issues of arbitrability.  And given that TWC has not called

13  Plaintiff in over a year, Plaintiff lacks Article III standing to pursue her claim for

14  injunctive relief.  Because this Court lacks jurisdiction to adjudicate all claims in

15  this action, the Court should dismiss this case in its entirety, and compel arbitration

16  of the individual damages claim.  *See Alford v. Dean Witter Reynolds, Inc.,* 975

17  F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports

18  dismissal of the case when all of the issues raised in the district court must be

19  submitted to arbitration."); 9 U.S.C. § 3.  To the extent that this matter is not

20  dismissed in its entirety, the Court should stay Plaintiff's individual damages claim

21  and dismiss Plaintiff's other claims for injunctive relief and damages on behalf of

22  herself and the class with prejudice.  *See Hoai Dang*, 2015 WL 4735520, at *11

23  (dismissing putative class claims with prejudice due to presence of enforceable

24  class action waiver); Subscriber Agreement Section 15(b) (class action waiver

25  governing the instant suit in its entirety).

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

13

Case Number: 8:16-cv-00329-CAS(ASx)
DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND MOTION TO DISMISS

1    Dated:  June 27, 2016                     Respectfully submitted,

2
                                              By /s/ *Andrew D. Prins*
3                                                 Andrew D. Prins

4
                                              Peter L. Winik (*pro hac vice*)
5                                             Matthew A. Brill (*pro hac vice*)
                                              Andrew D. Prins (*pro hac vice*)
6

7                                             *Attorneys for Defendant*
                                              *TIME WARNER CABLE INC.*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

14

Case Number: 8:16-cv-00329-CAS(ASx)
DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND MOTION TO DISMISS