UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 8:16-cv-00329-CAS(ASx) | Date | August 5, 2016 |
|---|---|---|---|
| Title | VANESSA MILLER V. TIME WARNER CABLE, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs: Attorneys Present for Defendants:

Not Present              Not Present

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION TO STAY CASE PENDING DECISION BY JPML ON MOTION TO CONSOLIDATE AND TRANSFER (Dkt. 47, filed July 11, 2016)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of August 8, 2016, is vacated, and the matter is hereby taken under submission.

## I.      INTRODUCTION & BACKGROUND

On February 24, 2016, plaintiff Vanessa Miller initiated this putative class action against defendant Time Warner Cable, Inc. ("TWC"). Dkt. 1. Plaintiff asserts a single claim against TWC for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Id. This action is one of eleven actions filed in recent months against TWC for violations of the TCPA ("the TWC Actions"). On June 14, 2016, the plaintiffs in one of the other TWC Actions, Fontes v. Time Warner Cable, Case No. 2:14-cv-02060-CAS-CW, filed a motion with the United States Judicial Panel on Multidistrict Litigation ("JPML") seeking to consolidate and transfer all of the TWC Actions, including the instant action, to this district.

On June 27, 2016, defendant filed a motion to compel arbitration and to dismiss plaintiff's complaint. Dkt. 40. On July 5, 2016, plaintiff filed an opposition, Dkt. 44, and on July 11, 2016, defendant filed a reply, Dkt. 46. On July 11, plaintiff filed a motion to stay this case pending a decision by the JPML on the motion to consolidate and transfer the TWC Actions to this district. Dkt. 47. Thereafter, on July 18, 2016, defendant filed an opposition, Dkt. 51, and on July 25, 2016, plaintiff filed a reply, Dkt. 52. Having

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 8:16-cv-00329-CAS(ASx) | Date | August 5, 2016 |
| Title | VANESSA MILLER V. TIME WARNER CABLE, INC. | | |

considered the parties' arguments, the Court finds that it is appropriate to stay this case pending a decision from the JPML

## II. ANALYSIS

Plaintiff requests that the Court stay this case pending a decision by the JPML on the motion to consolidate and transfer the TWC Actions to this district. A district court has discretionary power to stay proceedings. See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "This power to stay is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (citations omitted). Moreover, courts routinely stay cases pending the resolution of a motion before the JPML. See, e.g., Lyman v. Asbestos Defendants, 2007 WL 2972926 (N.D. Cal. Oct. 10, 2007); Sanborn v. Asbestos Corp., 2009 WL 195922 (N.D. Cal. Jan. 27, 2009). Here, the Court sees no reason to depart from the "majority of courts [to] have concluded that it is . . . appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel." Rivers, 980 F. Supp., at 1362. Among other things, a stay in this case will preserve judicial resources by avoiding duplicative litigation and potentially inconsistent rulings from the courts overseeing the TWC Actions.

In its opposition, TWC does not contest that a stay will preserve judicial resources and prevent inconsistent rulings. Nor does it contend that it will suffer any hardship from a brief stay of these proceedings pending a ruling from the JPML. Instead, TWC argues that there are jurisdictional issues that the Court should decide before exercising its discretion to determine whether a stay is appropriate. Specifically, TWC contends that the Court should decide: (a) whether to compel arbitration with regard to plaintiff's claim for TCPA damages; and (b) whether plaintiff's claim for injunctive relief pursuant to the TCPA should be dismissed as moot. "The Ninth Circuit has made clear that courts should address subject matter jurisdiction at the outset in the mine run of cases." Mullin v. Gen. Motors LLC, 2016 WL 94235, at *1 (C.D. Cal. Jan. 7, 2016) (citing Potter v. Hughes, 546 F.3d 1051, 1061 (9th Cir. 2008)). Nonetheless, courts need not always address subject matter jurisdiction at the outset of a case. See, e.g., Potter, 546 F.3d at 1061 (noting that "where the jurisdictional issue is difficult to determine" courts may "reach other issues first"). And TWC has cited no authority which prohibits the Court from staying this case pending a decision from the JPML simply because TWC has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'   JS-6

| Case No. | 8:16-cv-00329-CAS(ASx) | Date | August 5, 2016 |
|---|---|---|---|
| Title | VANESSA MILLER V. TIME WARNER CABLE, INC. | | |

challenged the Court's subject matter jurisdiction. Moreover, TWC fails to explain why a transferee court will be unable to decide the jurisdictional issues presented by this case following a decision from the JPML. Accordingly, in the interests of judicial economy, and particularly given that TWC has not identified any prejudice it will suffer from a stay of these proceedings, the Court finds that it is appropriate to briefly stay these proceedings pending a decision from the JPML. See also Lyman, 2007 WL 2972926, at *3 (granting a motion to stay pending resolution of a motion to consolidate and transfer cases before the JPML "because a stay [would] likely preserve judicial resources by preventing a duplication of proceedings" and "because the plaintiffs [had] not persuasively identified any hardship resulting from such a stay").

      The Court, therefore, GRANTS plaintiff's motion to stay.[1]

---

[1] TWC argues, in the alternative, that the Court should stay this case, not pending the resolution of the motion before the JPML, but rather pending the resolution of the appeal in ACA Int'l v. FCC, 15-1211 (D.C. Cir. 2015), currently pending before the Court of Appeals for the District of Columbia. In one of the other TWC Actions, Fontes v. Time Warner Cable, Inc., Case No. 2:14-cv-2060-CAS-CW, this Court recently granted a stay pending the resolution of the appeal in ACA Int'l. Nonetheless, the Court finds that, in this case, it is more appropriate to grant a stay pending the resolution of the motion before the JPML. As TWC notes, the Court of Appeals for the District of Columbia will likely decide the ACA Int'l appeal in the relatively near future; however, the JPML is not scheduled to hear argument on the pending motion to consolidate and transfer the TWC Actions until September 29, 2016, at the earliest. Accordingly, it seems likely that, by the time the JPML resolves the motion to consolidate and transfer the TWC Actions, the Court of Appeals for the District of Columbia will have also resolved the ACA Int'l appeal. If, once the JPML has rendered a decision on the motion to consolidate and transfer the TWC Actions, the Court of Appeals for the District of Columbia has still not resolved the ACA Int'l appeal, TWC may renew its request for a stay to the extent it still believes such a stay is necessary.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 8:16-cv-00329-CAS(ASx) | Date | August 5, 2016 |
|---|---|---|---|
| Title | VANESSA MILLER V. TIME WARNER CABLE, INC. | | |

## III. CONCLUSION

In accordance with the foregoing, the Court finds that a stay is appropriate in these circumstances and therefore **GRANTS** plaintiff's motion. It is **ORDERED** that this action is hereby removed from this Court's active caseload until further application by the parties or order of this Court. The parties are directed to file joint status reports reporting on the status of the pending motion before the JPML every 120 days or upon a decision from the JPML.

IT IS SO ORDERED.

00 : 00

Initials of Preparer  CMJ