UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      "O"    JS-6

| Case No. | 8:16-cv-00329-CAS (ASx) | Date | December 27, 2016 |
|---|---|---|---|
| Title | VANESSA MILLER V. TIME WARNER CABLE INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO DISMISS, OR IN THE ALTERNATIVE TO STAY, PLAINTIFFS' CLAIMS (Filed June 27, 2016, Dkt. 40)

## I. INTRODUCTION

On February 24, 2016, Vanessa Miller filed this putative class action against Time Warner Cable, Inc ("TWC") alleging one claim for violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq* ("TCPA"). Dkt. 1. The gravamen of plaintiff's claim is that she is a former TWC customer who received repeated, unsolicited sales calls from TWC after she terminated her subscription for cable or internet services from TWC.

On June 27, 2016, TWC filed a motion to compel arbitration and dismiss plaintiff's claim or stay proceedings pending arbitration pursuant to the arbitration clause of plaintiff's Residential Services Subscriber Agreement. Dkt. 40. On July 5, 2016, plaintiff filed an opposition. Dkt. 44. On July 5, 2016, defendant filed a reply. Dkt. 46.

Also on July 5, 2016, plaintiff filed a motion to stay this case pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") regarding a motion to consolidate and transfer eleven separate actions, including this one. Dkt. 47. The Court continued the hearing on defendant's motion to compel arbitration and subsequently granted plaintiff's motion to stay proceedings pending a decision by the JPML. See Dkt. 49, 55. On October 14, 2016, the parties filed a joint status report noting that the motion to consolidate and transfer this action had been denied by the JPML. Dkt. 56. Accordingly, the Court administratively reopened proceedings and scheduled a hearing regarding defendant's motion to compel arbitration for December 5, 2016. Dkt. 57.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  "O"  JS-6

| Case No. | 8:16-cv-00329-CAS (ASx) | Date | December 27, 2016 |
|---|---|---|---|
| Title | VANESSA MILLER V. TIME WARNER CABLE INC. | | |

On November 30, 2016, defendant filed a notice of supplemental authority in support of its motion to compel arbitration addressing the subsequent history of a district court case upon which plaintiff's opposition, in part, relied. Dkt. 60.

On December 5, 2016, the Court held oral argument on the instant motion and thereafter took the matter under submission. Dkt. 61. Having carefully considered the parties' arguments, the Court finds and concludes the following.

## II. BACKGROUND

TWC is a provider of cable and internet services. Plaintiff subscribed to TWC's services from April 2, 2014, until June 2, 2015. In May 2015, plaintiff moved residences and contacted TWC to cancel her subscription to TWC services. Compl. ¶ 14.

Plaintiff alleges that after canceling her TWC subscription, starting in June 2015, she began receiving calls from TWC on her wireless telephone. Id. ¶ 17. According to plaintiff, the phone calls were unsolicited, id. ¶ 28, and being performed by an autodialer (also known as a robocaller) on TWC's behalf, id. ¶ 27. TWC allegedly called plaintiff's telephone in the morning, afternoon, and night in an attempt to market its services. Id. ¶ 18. Plaintiff claims to have received between one to three calls per day for one month. Id. ¶ 19. Plaintiff alleges that "[o]n information and belief, TWC has made and continues to make phone calls to Plaintiff's and the Class members' wireless phones without prior express consent." Id. ¶ 25. Defendant acknowledges having hired a third-party to call plaintiff after she terminated her subscription. Defendant offers evidence that any such calls were part of its customer retention program and ended in June 2015, after plaintiff requested that TWC no longer contact her. Green Decl. ¶¶ 5-8.

Defendant presents evidence that plaintiff agreed to a Residential Services Subscriber Agreement ("the Subscriber Agreement") when she first subscribed to TWC's services. Plaintiff does not contest that she agreed to the Subscriber Agreement.

The first page of the Subscriber Agreement provides that:

THIS AGREEMENT CONTAINS A BINDING "ARBITRATION CLAUSE," WHICH SAYS THAT YOU AND TWC AGREE TO RESOLVE CERTAIN DISPUTES THROUGH ARBITRATION, AND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **"O"** | **JS-6** |
|---|---|---|---|---|
| Case No. | 8:16-cv-00329-CAS (ASx) | Date | December 27, 2016 | |
| Title | VANESSA MILLER V. TIME WARNER CABLE INC. | | | |

> ALSO CONTAINS A LIMITATION ON YOUR RIGHT TO BRING CLAIMS AGAINST TWC MORE THAN ONE YEAR AFTER THE RELEVANT EVENTS OCCURRED. YOU HAVE THE RIGHT TO OPT OUT OF THESE PORTIONS OF THE AGREEMENT. SEE SECTIONS 14, 15 AND 16.

Opp'n Ex. A ("Agreement") at 1. Thereafter, the Subscriber Agreement sets forth the parties' respective responsibilities pursuant to plaintiff's subscription. Section 15, entitled "Unless you Opt Out, You are Agreeing to Resolve Certain Disputes Through Arbitration," provides in pertinent part:

> (a) Arbitration or Small Claims Court. Our goal is to resolve Disputes fairly and quickly. However, if we cannot resolve a Dispute with you, then, except as described elsewhere in Section 15, each of us agrees to submit the Dispute to the American Arbitration Association for resolution under its Commercial Arbitration Rules or, by separate mutual agreement, to another arbitration institution. As an alternative, you may bring your claim in your local "small claims" court, if its rules permit it. . . .
>
> (b) Types of Claims. . . . Only claims for money damages may be submitted to arbitration; claims for injunctive orders or similar relief must be brought in a court (other than claims relating to whether arbitration is appropriate, which will be decided by an arbitrator, not a court). . .
>
> (g) Jury Waiver. Any Dispute properly brought in a court of law in connection with our Customer Agreements (including this Agreement) will be heard and decided by a judge, not a jury. Each of us waives (in other words, gives up) the right to a jury trial in any such Dispute.

Id. at 11-12. The Subscriber Agreement defines "Dispute" to mean:

> any dispute, claim, or controversy between you and TWC regarding any aspect of your relationship with us or any conduct or failure to act on our part, including claims based on breach of contract, tort (for example, a negligence or product liability claim), violation of law or any claims based

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | "O"    JS-6 |
|---|---|---|---|
| Case No. | 8:16-cv-00329-CAS (ASx) | Date | December 27, 2016 |
| Title | VANESSA MILLER V. TIME WARNER CABLE INC. | | |

on any other theory, and including those based on events that occurred prior to the date of this Agreement.

Id. at 13.  Finally, with respect to termination of services, the Subscriber Agreement further provides that, "The terms of this Agreement relating to . . . resolution of disputes (Section 15) . . . will survive (in other words, continue to apply to you even after) the termination of this Agreement." Id. at 15.

## III. DISCUSSION

Plaintiff seeks both damages and injunctive relief.  Defendant argues that plaintiff lacks standing to pursue injunctive relief and that, therefore, plaintiff's claim for injunctive relief must be dismissed.  Additionally, defendant seeks to compel arbitration of plaintiff's claim for damages.  The Court addresses each in turn.

### A. Standing to Bring a Claim for Injunctive Relief

The arbitration clause of the Subscriber Agreement is limited to claims for damages and notes that claims for injunctive relief should be brought before a court. However, defendant argues that plaintiff lacks standing to bring a claim for injunctive relief pursuant to the TCPA because plaintiff appears to concede that TWC ceased making unsolicited calls to her telephone approximately eight months before initiation of this action.

"Standing is a threshold matter central to our subject matter jurisdiction." Bates v. United Parcel Service, Inc., 511 F.3d 974, 985 (9th Cir.2007).  To have standing to bring a claim for relief, the plaintiff must show that his injury "is likely to be redressed by the relief she seeks." Walsh v. Nevada Dep't of Human Res., 471 F.3d 1033, 1036–37 (9th Cir. 2006).  "Past exposure to harmful or illegal conduct does not necessarily confer standing to seek injunctive relief if the plaintiff does not continue to suffer adverse effects." Mayfield v. United States, 599 F.3d 964, 970 (9th Cir. 2010) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992)).  A plaintiff is only entitled to injunctive relief if she can demonstrate a "real or immediate threat" that she will be subject to the alleged illegal conduct again. City of Los Angeles v. Lyons, 461 U.S. 95, 96 (1983).

Plaintiff argues that she has standing to pursue her claim for injunctive relief because TWC's voluntary cessation of telephone calls does not make her claim for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       "O"   JS-6

| Case No. | 8:16-cv-00329-CAS (ASx) | Date | December 27, 2016 |
|---|---|---|---|
| Title | VANESSA MILLER V. TIME WARNER CABLE INC. | | |

injunctive relief moot. In support of her argument, plaintiff relies upon the line of cases which have held that:

> It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. . . . In accordance with this principle, the standard we have announced for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 189 (2000) (internal quotation marks and citations omitted).

Defendant does not contend that there is *no relief* available to plaintiff such that her claim is moot. Defendant contends that plaintiff lacks standing to seek a particular form of relief. Mootness and standing are similar doctrines; however, the standards governing mootness are inapplicable here. As the Supreme Court explained in Friends of the Earth, Inc., confusion regarding the two doctrines is "understandable, given this Court's repeated statements that the doctrine of mootness can be described as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" 528 U.S. at 189 (quoting Arizonans for Official English v. Arizona, 520 U.S. 43, 68 n. 22 (1997)). However, for present purposes, there is an important difference.

> [A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur. By contrast, in a lawsuit brought to force compliance, it is the plaintiff's burden to establish standing by demonstrating that, if unchecked by the litigation, the defendant's allegedly wrongful behavior will likely occur or continue, and that the threatened injury is certainly impending.

Id. at 190 (citations, brackets, and internal quotation marks omitted). "[T]here are circumstances in which the prospect that a defendant will engage in (or resume) harmful

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **"O"  JS-6** |
|---|---|---|---|
| Case No. | 8:16-cv-00329-CAS (ASx) | Date | December 27, 2016 |
| Title | VANESSA MILLER V. TIME WARNER CABLE INC. | | |

conduct may be too speculative to support standing, but not too speculative to overcome mootness." Id.  Among other things, the standing doctrine helps ensure scarce resources are devoted to disputes in which the parties have "a concrete stake." Id. at 191.  "In contrast, by the time mootness is an issue, the case has been brought and litigated, often (as here) for years. To abandon the case at an advanced stage may prove more wasteful than frugal." Id. at 191-92.

In this case, the Court concludes that the risk TWC will continue to make unsolicited phone calls to plaintiff's phone is too speculative to establish a real or immediate threat of repeated injury.  Defendant presents undisputed evidence that it has not called plaintiff's telephone since June 2015, when plaintiff requested that she no longer be contacted by TWC.  See Green Decl. ¶¶ 6-8.  At the time plaintiff initiated this action, plaintiff had not received an unsolicited call from TWC in approximately eight months.  Nor does plaintiff present evidence that she has received a phone call from TWC since June 2015.  In light of that fact, nothing indicates that plaintiff has more than a hypothetical stake in equitable relief.  Once one party has brought a "factual motion by presenting affidavits or other evidence" suggesting the court is without jurisdiction to hear a claim, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty., 343 F.3d 1036, 1040 n. 2 (9th Cir. 2003) (citing St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir.1989)).  Plaintiff presents no evidence rebutting defendant's evidence that it has respected plaintiff's request not to be called and ceased calling plaintiff approximately eight months before this action was brought.[1]  Accordingly, plaintiff is without standing to seek injunctive relief and said claim for relief is properly dismissed.

---

[1] Plaintiff also contends that the risk that putative class members will continue to face unsolicited phone calls confers standing for injunctive relief.  In support of her argument, plaintiff relies upon Meyer v. Portfolio Recovery Associates, LLC, 707 F.3d 1036 (9th Cir. 2012), wherein the court affirmed the provisional certification of a class as well as a preliminary injunction against a defendant who attempted to argue there was no risk of irreparable harm because it "assured the court it would stop calling [the named plaintiff] without making any assurance regarding other members of the provisional class." Id. at 1045.  However, in this case, the Court has not provisionally certified any class.  Nor did Meyer purport to evaluate the named plaintiff's standing to bring a claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | CIVIL MINUTES – GENERAL | | "O" | JS-6 |
| Case No. | 8:16-cv-00329-CAS (ASx) | Date | December 27, 2016 | |
| Title | VANESSA MILLER V. TIME WARNER CABLE INC. | | | |

### B. Arbitration of Plaintiff's Claim for Damages

The Federal Arbitration Act ("FAA") provides that "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The FAA reflects a "liberal federal policy favoring arbitration agreements." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991) (quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)). The "first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate the dispute." Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc., 473 U.S. 614, 626 (1985).  Normally, the court must determine (1) whether there exists a valid agreement to arbitrate; and (2) if there is a valid agreement, whether the dispute falls within its terms. Chiron Corp. v. Ortho Diagnostic Sys., 207 F.3d 1126, 1130 (9th Cir.2000).  "However, these gateway issues can be expressly delegated to the arbitrator where 'the parties *clearly and unmistakably*

for injunctive relief.  Contrary to plaintiff's argument, the Supreme Court has held that a party's "abstract concern with a subject . . . does not substitute for the concrete injury required by Article III." Simon v. E. Kentucky Welfare Rights Org., 426 U.S. 26, 40 (1976).  "That a suit may be a class action, however, adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" Id. at 40 n. 20 (quoting Warth v. Seldin, 422 U.S. 490, 502 (1975)).  Even if plaintiff's class had already been certified, plaintiff would have to demonstrate her own standing to bring a claim for injunctive relief.  See Bates v. United Parcel Serv., Inc., 511 F.3d 974, 985 (9th Cir. 2007) (noting that standing is satisfied if "at least one named plaintiff meets the requirements" and evaluating "whether at least one named plaintiff satisfies the standing requirements for injunctive relief"); Table Bluff Reservation (Wiyot Tribe) v. Philip Morris, Inc., 256 F.3d 879, 884 (9th Cir. 2001) ("Even construing the complaint as alleging that unnamed members of the class . . . were injured . . . [plaintiffs] have not shown injury in fact, because they must allege injury to a named plaintiff" to establish standing).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   **"O"**   **JS-6**

| Case No. | 8:16-cv-00329-CAS (ASx) | Date | December 27, 2016 |
|---|---|---|---|
| Title | VANESSA MILLER V. TIME WARNER CABLE INC. | | |

[delegate arbitrability to an arbitrator].'" Brennan v. Opus Bank, 796 F.3d 1125, 1130 (9th Cir. 2015) (emphasis in Opus Bank) (quoting AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649 (1986)). The parties' only disagreement here is whether the Subscriber Agreement clearly and unmistakably delegates the issue of arbitrability to an arbitrator. Plaintiff does not contend that the arbitration clause of the Subscriber Agreement is unconscionable or that the delegation of arbitrability to an arbitrator would be unconscionable.

The Ninth Circuit has concluded that "incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." Opus Bank, 796 F.3d at 1130. Plaintiff does not dispute that the Subscriber Agreement incorporates the American Arbitration Association's ("AAA's") rules, see Agreement § 15(a), but argues that Opus Bank's holding is limited to agreements between sophisticated parties.

In Opus Bank, the Ninth Circuit observed that "the vast majority of the circuits that hold that incorporation of the AAA rules constitutes clear and unmistakable evidence of the parties' intent do so without explicitly limiting that holding to sophisticated parties." Opus Bank, 796 F.3d at 1130-31. The court further observed that its holding "should not be interpreted to require that contracting parties be sophisticated . . . before a court may conclude that incorporation of the AAA rules," adequately demonstrates the parties' intent. Id. at 1130. However, the court nevertheless limited its holding "to the facts of the present case, which do involve an arbitration agreement 'between sophisticated parties.'" Id. at 1131 (quoting Oracle America, Inc. v. Myriad Group A.G., 724 F.3d 1069, 1057 & n. 2 (9th Cir. 2013)). As defendant points out, the greater weight of authority has concluded that the holding of Opus Bank applies similarly to non-sophisticated parties. See Zenelaj v. Handybook Inc., 82 F. Supp. 3d 968, 974 (N.D. Cal. 2015) (cases concluding that less-sophisticated parties do not clearly and unmistakably delegate arbitrability by incorporation of AAA rules are "at odds with the prevailing trend of case law"); but see Tompkins v. 23andMe, Inc., 2014 WL 2903752, at *11 (N.D. Cal. June 25, 2014) (Koh, J.), aff'd, No. 14-16405, 2016 WL 6072192 (9th Cir. Oct. 13, 2016) ("There is good reason not to extend this doctrine from commercial contracts between sophisticated parties to online click-through agreements crafted for consumers").

The Court joins most other courts addressing this issue and concludes that the incorporation of AAA's rules clearly and unmistakably shows the parties' intent to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  "O"  JS-6

| Case No. | 8:16-cv-00329-CAS (ASx) | Date | December 27, 2016 |
|---|---|---|---|
| Title | VANESSA MILLER V. TIME WARNER CABLE INC. | | |

delegate the issue of arbitrability to the arbitrator. However, the Courts ruling here need not rest on that basis alone. The Subscriber Agreement explicitly provides that "claims relating to whether arbitration is appropriate . . . will be decided by an arbitrator, not a court." Agreement § 15(b).

Plaintiff seeks to avoid this conclusion by arguing that other provisions of the Subscriber Agreement conflict with its apparent delegation of arbitrability to the arbitrator. Specifically, plaintiff points to two provisions of the Subscriber Agreement which plaintiff contends create ambiguity. Plaintiff relies upon a clause which provides "[i]f a court or similar body determines that a portion of a Customer Agreement is invalid or unenforceable the rest of the agreement should stand," Agreement § 20(b), and a clause providing "[a]ny Dispute properly brought in a court of law in connection with our Customer Agreements . . . will be heard and decided by a judge, not a jury," Id. § 15(g). Plaintiff argues that the foregoing allusions to courts create ambiguity as to whether arbitrability has been delegated to an arbitrator or the courts.

Neither provision upon which plaintiff relies is in conflict with the Subscriber Agreement's clear and unmistakable delegation of authority to the arbitrator. Because claims for injunctive relief must, pursuant to the Subscriber Agreement, be brought before a court rather than an arbitrator, the Subscriber Agreement contemplates some disputes being properly decided by a court rather than an arbitrator. Accordingly, the mere reference to a court making decisions based upon the Subscriber Agreement is insufficient to undermine its explicit provision that "whether arbitration is appropriate" shall be decided by an arbitrator rather than a court. Section 20(b) of the agreement is a severability clause, separate and apart from the arbitration clause, which provides that the Subscriber Agreement shall survive partial invalidation by a court "or similar body." Section 15(g) is a purported waiver of the right to a jury trial, should any claim be "properly brought before a court." Even if arbitrability is delegated to the arbitrator, that does not foreclose some claims being "properly brought before a court," such as claims for injunctive relief or claims that an arbitrator has found to be outside the scope of the arbitration agreement.

In light of the foregoing, the Court concludes that plaintiff's claim for damages must be sent to arbitration. The Court further concludes that the arbitrator shall determine whether arbitration is appropriate. Defendant's motion to compel arbitration on plaintiff's claim for damages is therefore **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | "O" JS-6 |
|---|---|---|
| Case No. | 8:16-cv-00329-CAS (ASx) | Date  December 27, 2016 |
| Title | VANESSA MILLER V. TIME WARNER CABLE INC. | |

Nothing in this order precludes plaintiff from arguing before the arbitrator that her claim is not subject to the arbitration clause of the Subscriber Agreement. Accordingly, dismissal of plaintiff's claim for damages is inappropriate as it may deprive plaintiff of a forum for relief. Accordingly, any further proceedings in this action are hereby stayed pursuant to 9 U.S.C. § 3.[2]

## V.   CONCLUSION

Defendant's motion to dismiss plaintiff's claims for injunctive relief is **GRANTED**. Defendant's motion to compel arbitration is **GRANTED**. Further proceedings in this action are hereby stayed. It is **ORDERED** that this action is hereby removed from this Court's active caseload until further application by the parties or order of this Court. Any scheduling conferences presently scheduled in this matter are hereby **VACATED**.

IT IS SO ORDERED.

|  | 00    00 |
|---|---|
| Initials of Preparer | CMJ |

---

[2] Defendant argues that, if the Court stays proceedings, the Court should dismiss the class claims pursuant to the class action waiver contained in the Subscriber Agreement. The parties have not had the opportunity to brief the enforceability and applicability of the class action waiver provisions contained in the Subscriber Agreement. Additionally, it is not yet clear whether the arbitrator will determine that plaintiff's claims are subject to arbitration pursuant to the Subscriber's Agreement. Accordingly, the Court finds said issue inappropriate for decision at this time and finds it more appropriate to stay further proceedings in this action. See Mohamed v. Uber Techs., Inc., 836 F.3d 1102, 1108 (9th Cir. 2016) (characterizing class action availability as a delegable question of arbitrability unless the agreement assigns only some arbitrability questions to the arbitrator and others to the court); Emilio v. Sprint Spectrum L.P., 508 F. App'x 3, 6 (2d Cir. 2013) (where the parties delegated arbitrability to the arbitrator, "the district court was not free to decide [the enforceability of a class action waiver] for itself"); Meadows v. Dickey's Barbecue Restaurants Inc., 144 F. Supp. 3d 1069, 1087 n.8 (N.D. Cal. 2015) (staying class claims pending the arbitrator's decision on arbitrability).